UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHELLEY ADAMS, GEORGE AKERLEY,
ANTHONY INZERO, DONALD ORLANDO,
NILDA ORTIZ, and ANNA SERRAO,                    CASE NO.

        Plaintiffs,

vs.

PROSPECT MORTGAGE, LLC,
                            April 22, 2013
        Defendant

## COMPLAINT

Plaintiffs Shelley Adams, George Akerley, Anthony Inzero, Donald Orlando, Nilda Ortiz, and Anna Serrao ("Plaintiffs"), through their undersigned counsel, allege as follows:

### PARTIES AND PROCEDURAL BACKGROUND

1.     Plaintiff Shelley Adams ("Plaintiff Adams") is an adult resident of Vernon, Connecticut. Plaintiff Adams worked as a loan officer for Defendant in an office in the Glastonbury, Connecticut area from approximately November 2009 until February 2011.

2.     Plaintiff George Akerley ("Plaintiff Akerley") is an adult resident of Bloomfield, Connecticut. Plaintiff Akerley worked as a loan officer for Defendant in an office in the Bloomfield, Connecticut area from approximately January 2009 until October 2009.

3.     Plaintiff Anthony Inzero ("Plaintiff Inzero") is an adult resident of Hamden, Connecticut. Plaintiff Inzero worked as a loan officer for Defendant in an office in the Trumbull, Connecticut area from approximately October 2009 until June 2010.

4.     Plaintiff Donald Orlando ("Plaintiff Orlando") is an adult resident of Greenwich, Connecticut.  Plaintiff Orlando worked as a loan officer for Defendant in an office in the Greenwich, Connecticut area from approximately February 2009 until June 2009.

5.     Plaintiff Nilda Ortiz ("Plaintiff Ortiz") is an adult resident of Meriden, Connecticut.  Plaintiff Ortiz worked as a loan officer for Defendant in an office in the Bloomfield, Connecticut area from approximately January 2009 until July 2009.

6.     Plaintiff Anna Serrao ("Plaintiff Serrao") is an adult resident of Wethersfield, Connecticut.  Plaintiff Serrao worked as a loan officer for Defendant in an office in the Trumbull, Connecticut area from approximately January 2009 until November 2010.

7.     Upon information and belief, Defendant is a California corporation doing business in and maintaining offices in several states throughout the United States, including Connecticut.  According to its website, Defendant is one of the largest independent residential retail lenders in the United States, and offers mortgage products such as FHA, VA, conventional, jumbo, and super jumbo loans.  Defendant formerly did business under the name Metrocities Mortgage.

8.     On October 18, 2010, Elizabeth Sliger, Carol Dion and Scott Avila, on behalf of themselves and all others similarly situated, filed a lawsuit against Defendant in the United States District Court for the Eastern District of California to recover overtime pay, minimum wages, and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Hereafter referred to as "Sliger" or "the Sliger matter.")  On August 24, 2011, Judge Lawrence K. Karlton granted, in part, the Sliger plaintiffs' motion for FLSA conditional certification and authorized the Sliger plaintiffs to mail a notice of the lawsuit to all loan officers employed by Defendant between October 18, 2007, and August 24, 2011, who were paid on a commission-

2

only basis. (See Sliger v. Prospect Mortgage, LLC, No. CIV. S-11-465 LKK/EFB, 2011 WL 3747947 (E.D. Cal. Aug. 24, 2011).)

     9.     Plaintiff Adams opted-in to the Sliger matter on January 30, 2012. (See Ex. A.)

     10.     Plaintiff Akerley opted-in to the Sliger matter on December 28, 2011. (See Ex. A.)

     11.     Plaintiff Inzero opted-in to the Sliger matter on November 18, 2011. (See Ex. A.)

     12.     Plaintiff Orlando opted-in to the Sliger matter on November 22, 2011. (See Ex. A.)

     13.     Plaintiff Ortiz opted-in to the Sliger matter on November 22, 2011. (See Ex. A.)

     14.     Plaintiff Serrao opted-in to the Sliger matter on February 13, 2012. (See Ex. A.)

     15.     By stipulation of the parties in Sliger, the Court decertified the Sliger matter on January 23, 2013. (Ex. B.) The stipulation permits "individual opt-in plaintiffs, who so choose, [to] pursue their individual claims in other forums." (Id.) In addition, the stipulation states that, the claims of all opt-in plaintiffs, including the claims of Plaintiffs, are tolled from the time they opted-in to the Sliger matter until April 23, 2013. (Id.)

     16.     Plaintiffs bring this action pursuant to the FLSA, 29 U.S.C. § 201 et seq. Plaintiffs worked for Defendant as loan officers during the relevant statutory periods. During the relevant statutory periods, Plaintiffs regularly worked over forty hours per week without overtime compensation. Plaintiffs seek relief for Defendant's failure to pay overtime compensation under federal law.

## JURISDICTION AND VENUE

     17.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is being brought under a federal statute, the FLSA, 29 U.S.C. §§ 201 et seq.

18.    Venue is proper in the United States District Court, District of Connecticut pursuant to 28 U.S.C. § 1391, because Defendant operated facilities in this district and because a substantial part of the events giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

19.    Defendant employed Plaintiffs as loan officers.

20.    Defendant classified Plaintiffs as "exempt" from the overtime pay requirements of the FLSA.

21.    Plaintiffs are informed, believe, and thereon allege that Defendant's gross annual sales made or business done is $500,000.00 or greater. Defendant operates in interstate commerce by, among other things, selling mortgage loan products in multiple states.

22.    Defendant paid Plaintiffs on a commission-only basis.

23.    Plaintiffs routinely worked in excess of forty hours per week for Defendant.

24.    Defendant suffered and permitted Plaintiffs to work more than forty hours per week without overtime compensation.

25.    Defendant is in the business of selling mortgages. Plaintiffs' work was directly related to mortgage sales.

26.    Defendant did not keep accurate records of the Plaintiffs' hours worked. Defendant never instructed Plaintiffs to keep records of their hours worked.

27.    Defendant's unlawful conduct has been widespread, repeated and consistent.

28.    Defendant is aware of wage and hour laws, as evidenced by the fact that it provides overtime compensation to other employees who are not loan officers. Moreover, it is common industry knowledge that courts and the United States Department of Labor have found loan officers to be non-exempt.

4

29.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and caused significant damages to Plaintiffs.

## COUNT I
## FAIR LABOR STANDARDS ACT
### (Overtime Violations)

30.     Plaintiffs allege and incorporate the above paragraphs by reference as if fully set forth herein.

31.     At all times relevant herein, Defendant has been, and continues to be, an "employer," and Plaintiffs have been, or continue to be, "employees" within the meaning of 29 U.S.C. §§ 203(d) and (e).

32.     The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours per week. 29 U.S.C. § 207. As such, Plaintiffs are entitled to overtime compensation at one and one-half times their regular rate of pay for work performed in excess of forty hours per week.

33.     By failing to compensate Plaintiffs with overtime compensation for their overtime hours worked, Defendant has violated, and continues to violate the FLSA.

34.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

35.     Plaintiffs seek damages in the amount of their unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in prosecuting this claim, all other relief available under the FLSA, and all other such legal and equitable relief as the Court deems just and proper.

5

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for relief as follows:

    A. Judgment that Plaintiffs are non-exempt employees entitled to protection under the FLSA;

    B. Judgment against Defendant for violations of the overtime provisions of the FLSA;

    C. Judgment that Defendant's violations as described above were willful;

    D. An award in an amount equal to Plaintiffs' unpaid overtime wages at the applicable rates, liquidated damages, and interest thereon, subject to proof in Court;

    E. An award of prejudgment interest to the extent liquidated damages are not awarded;

    F. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216;

    G. Leave to amend to bring additional claims, including but not limited to claims for violations of state law and claims for unpaid minimum wages under the FLSA; and

    H. For such other and further relief, in law or equity, as the Court may deem appropriate and just.

Dated: April 22, 2013

Respectfully submitted,

Richard E. Hayber, Esquire
Fed. Bar No.: ct11629
The Hayber Law Firm LLC
221 Main Street, Suite 502
Hartford, CT 06106
Telephone: (860) 522-8888
Facsimile: (860) 218-9555
E-Mail: rhayber@hayberlawfirm.com

and

NICHOLS KASTER, PLLP
Andrew G. Chase, MN Bar No. 0391935*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870
Email: achase@nka.com

*pro hac vice application forthcoming

**Attorneys For Plaintiffs**

# EXHIBIT A

## PROSPECT MORTGAGE
## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, Prospect Mortgage, to recover overtime pay and/or minimum wage.

2. During the past three years, there were occasions when I worked over 40 hours per week as a loan officer.

3. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 1 15 12

_____
Signature

Shelley Adams
Print Name

REDACTED

Return this form by        Nichols Kaster, PLLP, Attn: Robert Schug
fax, email, or mail to:     Fax: (612) 215-6870
                            Email: rschug@nka.com
                            Address: 4600 IDS Center, 80 S. 8th St., Minneapolis, MN 55402
                            Web: www.nka.com and www.overtimecases.com

## PROSPECT MORTGAGE
## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, Prospect Mortgage, to recover overtime pay and/or minimum wage.

2. During the past three years, there were occasions when I worked over 40 hours per week as a loan officer.

3. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: _11-19-11_

_____
Signature

_George M. Akerley_
Print Name

REDACTED

## PROSPECT MORTGAGE
## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, Prospect Mortgage, to recover overtime pay and/or minimum wage.

2. During the past three years, there were occasions when I worked over 40 hours per week as a loan officer.

3. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: _Nov 13 2011_

_____
Signature

_ANTHONY J. INZERO_
Print Name

REDACTED

# PROSPECT MORTGAGE
## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq, against my current/former employer, Prospect Mortgage, to recover overtime pay and/or minimum wage.

2. During the past three years, there were occasions when I worked over 40 hours per week as a loan officer.

3. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 11/21/2011

Signature

Print Name: DONALD ORLANDO

REDACTED

# PROSPECT MORTGAGE
## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, Prospect Mortgage, to recover overtime pay and/or minimum wage.

2. During the past three years, there were occasions when I worked over 40 hours per week as a loan officer.

3. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: _11/11/11_      _____
                      Signature

                      _NilDA C ORTIZ_
                      Print Name

REDACTED

# PROSPECT MORTGAGE
## PLAINTIFF CONSENT FORM

1.  I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, Prospect Mortgage, to recover overtime pay and/or minimum wage.

2.  During the past three years, there were occasions when I worked over 40 hours per week as a loan officer.

3.  I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 2/7/12

_____
Signature

Anna B Serrao (Gionfriddo)
Print Name

REDACTED

Return this form by
fax, email, or mail to:

Nichols Kaster, PLLP, Attn: Robert Schug
Fax: (612) 215-6870
Email: rschug@nka.com
Address: 4600 IDS Center, 80 S. 8th St., Minneapolis, MN 55402
Web: www.nka.com and www.overtimecases.com

# EXHIBIT B

Case 2:11-cv-00465-LKK-EFB    Document 160    Filed 01/23/13    Page 1 of 5

1  SEYFARTH SHAW LLP
   Andrew M. Paley (SBN 149699)
2  E-mail: apaley@seyfarth.com
   2029 Century Park East, Suite 3500
3  Los Angeles, CA 90067-3021
   Telephone: (310) 277-7200
4  Facsimile: (310) 201-5219

5  SEYFARTH SHAW LLP
   Alfred L. Sanderson, Jr. (SBN 186071)
6  E-mail: asanderson@seyfarth.com
   Brandon R. McKelvey (SBN 217002)
7  E-mail: bmckelvey@seyfarth.com
   400 Capitol Mall, Suite 2350
8  Sacramento, California 95814-4428
   Telephone: (916) 448-0159
9  Facsimile: (916) 558-4839

10 Attorneys for Defendant
   PROSPECT MORTGAGE, LLC
11

                 UNITED STATES DISTRICT COURT
12
                 EASTERN DISTRICT OF CALIFORNIA
13
                           SACRAMENTO
14

15 ELIZABETH SLIGER, CAROL DION and    )  Case No. 2:11-CV-00465-LKK-EFB
   SCOTT AVILA, individually, on behalf of  )
   others similarly situated, and on behalf of the )  **FURTHER AMENDED STIPULATION**
16 general public,                        )  **TO DECERTIFY COLLECTIVE**
                                          )  **ACTION; ORDER DECERTIFYING**
17              Plaintiffs,               )  **COLLECTIVE ACTION**
                                          )
18         v.                             )
                                          )
19 PROSPECT MORTGAGE, LLC, and DOES 1- )  Complaint Filed: October 18, 2010
   50, inclusive,                         )
20                                        )
               Defendants.               )
21 ──────────────────────────────────────)

22

23

24

25

26

27

28
                                          1
   FURTHER AMENDED STIPULATION TO DECERTIFY COLLECTIVE ACTION; [PROPOSED] ORDER
   15198552v.2

1    IT IS HEREBY STIPULATED, by and between CAROL DION and SCOTT AVILA

2  ("Plaintiffs") and PROSPECT MORTGAGE, LLC ("Defendant" or "Prospect"), through their

3  respective undersigned counsel, as follows:

4    WHEREAS, Plaintiffs have brought this lawsuit against Defendant alleging that they and

5  other mortgage loan officers throughout the country were misclassified as exempt employees and

6  are entitled to overtime, minimum wage, and other compensation under federal and California

7  wage-hour laws;

8    WHEREAS, Plaintiffs filed their Motion for Conditional Certification on June 28, 2011;

9    WHEREAS, this Court partially granted Plaintiffs' motion for conditional certification

10  under section 216(b) of the Fair Labor Standards Act ("FLSA") on August 24, 2011 (ECF No.

11  71) and ordered that notice be provided to all current and former loan officers paid on a

12  commission-only basis who worked for Prospect at any time from three years prior to date notice

13  issued to the present;

14    WHEREAS, notice was sent to the collective in November 2011 and then supplemental

15  notice was sent in January 2012 with the supplemental notice period ending on March 27, 2012;

16    WHEREAS, approximately 595 individuals have filed consents to join this lawsuit that

17  have not been withdrawn;

18    WHEREAS, over the last year the parties have conducted written discovery and taken a

19  number of depositions, including the depositions of the named plaintiffs and depositions of

20  multiple Rule 30(b)(6) witnesses;

21    WHEREAS, over the last several months the parties have been actively engaging in

22  settlement discussions to resolve the claims that Plaintiffs have asserted in this litigation;

23    WHEREAS, counsel for all parties met in Los Angeles on May 16, 2012 and July 19,

24  2012, to discuss settlement and explore potential resolution;

25    WHEREAS, counsel have exchanged data and other information over the last several

26  months in a mutual effort to further explore potential resolution;

27    WHEREAS, the parties participated in a day-long mediation in San Francisco on

28  September 21, 2012 but were unable to resolve the matter;

2

FURTHER AMENDED STIPULATION TO DECERTIFY COLLECTIVE ACTION; [PROPOSED] ORDER
15198552v.2

1    WHEREAS, Defendant has notified Plaintiffs that it intends to file a motion to decertify
2    the FLSA collective action;

3    WHEREAS, the parties agree that to avoid the cost and expense of discovery and motion
4    practice associated with a motion to decertify the collective, the parties will stipulate that this
5    matter should no longer proceed as a collective action under 29 U.S.C. § 216(b) and that the
6    individual opt-in plaintiffs, who so choose, may pursue their individual claims in other forums;

7    WHEREAS, the parties agree that all opt-in plaintiffs should be dismissed from the
8    action without prejudice to refile their individual claims in other forums;

9    WHEREAS, the parties further agree that the statutes of limitations with respect to the
10   claims asserted in this lawsuit for each individual plaintiff have been tolled since the date that the
11   individual plaintiff filed a consent form in this action, and in the event that Defendant raises the
12   statute of limitations in any action brought by any of the opt-in plaintiffs following
13   decertification, it agrees to extend any limitations period it asserts by 90 days;

14   WHEREAS, the parties further agree that the claims of the named Plaintiffs (Scott Avila
15   and Carol Dion) should not be affected by this stipulation and will continue to proceed
16   individually in this Court on the schedule set forth in the Court's latest scheduling order; and

17   IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs and
18   Defendant, through their respective undersigned counsel, that:

19   (1)    The collective action previously conditionally certified on August 24, 2011 (ECF
20   No. 71) be decertified pursuant to this joint stipulation and that this case no longer proceed as a
21   collective action under 29 U.S.C. § 216(b);

22   (2)    All opt-in plaintiffs (other than Carol Dion and Scott Avila) who have filed
23   consent forms in this action should be dismissed without prejudice so that those who so choose
24   may refile their individual claims in other forums;

25   (3)    The statutes of limitations with respect to the claims asserted in this lawsuit for
26   each individual plaintiff have been tolled since the date that the individual plaintiff filed a
27   consent form in this action, and in the event that Defendant raises the statute of limitations in any

28

3

1 action brought by any of the opt-in plaintiffs following decertification, it agrees to extend any

2 limitations period it asserts by 90 days;

3   (4) The named Plaintiffs, Scott Avila and Carol Dion, will continue to proceed

4 individually without any tolling in this Court on the schedule set forth in the Court's latest

5 scheduling order; and

6   (5) Plaintiffs' counsel shall provide all of the opt-in plaintiffs with notice via U.S.

7 Mail of the Court's Order to decertify the collective action. The notice that Plaintiffs' counsel

8 shall provide to all opt-in plaintiffs shall be in the form attached as Exhibit A.

9   IT IS SO STIPULATED.

10 DATED: January 22, 2013     NICHOLS KASTER, LLP

11

12             By:____s/ Matthew C. Helland_____
                Matthew C. Helland

13                 Attorneys for Plaintiffs
                CAROL DION and SCOTT AVILA, et al.

14

15 DATED: January 22, 2013     SEYFARTH SHAW LLP

16             By___s/ Brandon R. McKelvey_____
                Andrew M. Paley

17                 Brandon R. McKelvey

18                 Attorneys for Defendants
                PROSPECT MORTGAGE, LLC

19

20

21

22

23

24

25

26

27

28

FURTHER AMENDED STIPULATION TO DECERTIFY COLLECTIVE ACTION; [PROPOSED] ORDER
15198552v.2

## ORDER

IT IS HEREBY ORDERED:

(1)     The collective action previously conditionally certified on August 24, 2011 (ECF No. 71) is hereby decertified and this case shall no longer proceed as a collective action under 29 U.S.C. § 216(b);

(2)     All opt-in plaintiffs (other than the named Plaintiffs Carol Dion and Scott Avila) who have filed consent forms in this action are hereby dismissed without prejudice so that those who so choose may refile their individual claims in other forums;

(3)     The named Plaintiffs, Scott Avila and Carol Dion, will continue to proceed individually without any tolling in this Court on the schedule set forth in the Court's latest scheduling order; and

(4)     Plaintiffs' counsel shall provide notice of this Order to all opt-in plaintiffs via U.S. Mail.  The notice sent to the opt-in plaintiffs will be in the form attached as Exhibit A to the parties' stipulation

IT IS SO ORDERED.

Date: January 23, 2013

FURTHER AMENDED STIPULATION TO DECERTIFY COLLECTIVE ACTION; [PROPOSED] ORDER
15198552v.2